11 CV 3593

JUDGE PAULEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JULIE SNYDER and KAREN GOULD,

               Plaintiffs,

    -against-

FANTASY INTERACTIVE INC.; DAVID
MARTIN; CAMILLA MARTIN; and BEN
KNIGHT,

               Defendants.
-----------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

Index No.



Plaintiffs, by their attorneys, Cary Kane LLP, complaining of Defendants, allege:

### PRELIMINARY STATEMENT

1. Plaintiffs, Julie Snyder and Karen Gould, bring this action to remedy violations under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510, *et seq.* the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, *et seq.*, the Fair Labor Standards Acts as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York State law and Hawaii State law.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court over Plaintiffs' ECPA, SCA, and FLSA claims is invoked pursuant to 28 U.S.C. § 1331, 18 U.S.C. §§ 2520 and 2707, and 29 U.S.C. § 216(b).

3. Jurisdiction of this Court over Plaintiffs' New York and Hawaii State law claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the state law claims are so related to Plaintiffs' ECPA, SCA and FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

30120-1

## PARTIES

5.     Plaintiff Julie Snyder is an individual residing in the County of Kings in the State of New York.

6.     Plaintiff Karen Gould is an individual residing in the County of Maui in the State of Hawaii.

7.     Defendant Fantasy Interactive Inc. ("Fantasy Interactive") is a Foreign Business Corporation doing business in New York with a registered business address for service of process located at 111 Eighth Avenue New York, New York 10011.  Upon information and belief, Fantasy Interactive has a principal executive office located at 80 Franklin Street New York, New York 10013.

8.     Fantasy Interactive is an "employer" within the meaning of 29 U.S.C. § 203(d). Upon information and belief, Fantasy Interactive is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

9.     Defendant David Martin is an individual doing business in the State of New York, and upon information and belief, was at all relevant times the owner and/or chief executive officer of Fantasy Interactive.  At all relevant times, David Martin had control over the employment practices of Fantasy Interactive and was responsible for the wage and hour practices complained of herein.  Therefore, David Martin is an "employer" within the definition of 29 U.S.C. § 203(d) and NYSLL § 651.

10.     Defendant Camilla Martin is an individual doing business in the State of New York, and upon information and belief, was at all relevant times the chief operating officer of Fantasy Interactive. At all relevant times, Camilla Martin had control over the employment practices of Fantasy Interactive and was responsible for the wage and hour practices complained

30120-1

of herein. Therefore, Camilla Martin is an "employer" within the definition of 29 U.S.C. § 203(d) and NYSLL § 651.

11. Defendant Ben Knight is an individual doing business in the State of New York, and upon information and belief, was at all relevant times the system engineer and/or information technology employee of Fantasy Interactive.

## FACTUAL ALLEGATIONS

12. Fantasy Interactive is a web design agency with offices located in New York City and Stockholm, Sweden.

13. Julie Snyder worked for Fantasy Interactive from approximately February of 2009 to November 18, 2010. Snyder began as a temporary employee and was hired permanently as a junior administrative assistant on June 22, 2009. She was later promoted to administrative assistant. At all relevant times, Snyder worked in Fantasy Interactive's New York office.

14. Karen Gould worked for Fantasy Interactive from approximately August 11, 2008 to November 18, 2010 in the non-exempt positions of producer and senior producer. Gould worked in Fantasy Interactive's New York Office until on or about November 1, 2010, at which point she moved to Hawaii, where she worked for Fantasy Interactive remotely. In Hawaii, Gould used a computer provided to her by Fantasy Interactive.

15. On or about October 19, 2010, Karen Gould entered into an Employment Agreement with Fantasy Interactive which provides, *inter alia*, that "[i]f either party decides to terminate this agreement, a two (2) weeks written notice is required." The Employment Agreement further provides that

> [i]n the event of a notice of termination . . . [Fantasy Interactive] shall, at its sole discretion, have the option of requesting the Employee to immediately cease carrying out all or part of [his/her] duties and responsibilities for all or part of the remaining period of the employment and to resign immediately from any offices

3

30120-1

[he/she] may hold in any of the Companies, provided that any such request shall not be deemed to terminate the Employee's employment earlier that what follows from the notice given and shall not affect the Employee's right to compensation [s]he would otherwise be entitled to under this Agreement during such period.

16. Pursuant to this Employment Agreement, Gould was paid an hourly wage of $58.00.

17. During the course of her employment, Gould worked overtime hours in excess of 40 hours per week.

18. At all relevant times, Plaintiffs were registered users of Skype, a software application which allows users to communicate through instant messaging. Instant messaging is a form of real-time direct text-based communication between two or more people using computers or other electronic devices.

19. To become a Skype user, an individual must first register with Skype and create an account secured by a unique Skype username and password. A Skype user must enter his/her Skype username and password in order to log into Skype and exercise his/her identity and privileges.

20. Instant messages sent, received and stored via Skype are protected by way of encryption, which is the process of encoding messages in such a way that they can only be read by the intended recipient. These instant messages can only be viewed by logging into the Skype user's account.

21. Upon information and belief, Skype instant messages are stored by Skype for at least one year to allow the Skype user to convey and synchronize instant messages and to retrieve instant message conversation history. As a result, Skype instant messages generated on one computer or electronic device can be accessed on a completely different computer or electronic device.

30120-1

22. At all relevant times, Plaintiffs maintained personal Skype accounts. Plaintiffs had exclusive access to their personal Skype accounts, and their usernames and passwords were strictly confidential. At no time did Plaintiffs provide Defendants with authorization and/or consent to access their personal Skype accounts.

23. During the course of their employment, Plaintiffs engaged in instant message conversations with each other using their personal Skype accounts. Plaintiffs also engaged in instant message conversations with friends, family and/or significant others while using their personal Skype accounts.

24. Plaintiffs accessed their personal Skype accounts and engaged in instant message conversations through their personal Skype accounts on their personal computers and/or electronic devices as well as computers owned by Fantasy Interactive.

25. At all times, these instant message conversations were sent, received and/or stored by Skype in encrypted format, and only the parties to these instant message communications knew of and/or had access to their content. Upon information and belief, Plaintiffs' personal instant messages were stored by Skype for at least one year.

26. Upon information and belief, on or about November 17, 2010, Defendants intentionally and unlawfully accessed Plaintiffs' personal Skype accounts and read Plaintiffs' personal instant message conversations, including conversations that took place outside of work hours on Plaintiffs' personal computers or personal mobile electronic devices.

27. On or about November 17, 2010, upon logging into her personal Skype account on her personal computer, Snyder discovered that Defendants had accessed her personal Skype account after seeing Ben Knight's name listed as one of her "contacts" under the label "Skype test call." At no point had Snyder added Knight to her "contacts" list.

30120-1

28. On or about November 18, 2010, Defendants remotely accessed Gould's computer and Gould was thereafter restricted from logging into her computer. Upon information and belief, Defendants accessed Gould's personal Skype account as well.

29. On or about November 18, 2010, David Martin and Camilla Martin called Snyder into the conference room for an unscheduled meeting. Camilla Martin stated that Snyder's relationship with Gould was "poisonous" and that Gould was a "bad influence," and told Snyder that she was not allowed to leave the room until she provided a list of her job responsibilities.

30. David Martin and Camilla Martin subsequently informed Snyder that they had read her personal Skype instant messages for three hours. David Martin stated, "I spent three hours reading all your conversations and I know all about you and your boyfriends."

31. On November 18, 2010, Snyder and Gould were terminated from Fantasy Interactive.

32. Upon information and belief, on or about November 18, 2010, David Martin informed the entire Fantasy Interactive office that Snyder and Gould had been fired because he read their Skype instant message conversations and he did not like what he read.

33. Upon information and belief, in December 2010, Knight informed several Fantasy Interactive employees that he had hacked into Snyder's personal Skype account at the direction of David Martin and Camilla Martin.

34. Upon information and belief, Defendants were able to read Plaintiffs' personal instant messages on Skype by either: (1) intercepting Plaintiffs' Skype instant messages as they were generated; or (2) accessing Plaintiffs' stored Skype instant messages by hacking into their personal Skype accounts.

30120-1

35. Gould was not provided with two weeks written notice of termination as required by the Employment Agreement or compensated during the two week period which was to follow the written notice of termination.

36. To date, Gould has not paid been paid the hourly rate of time and one half for certain overtime hours worked.

37. Upon information and belief, Defendants knew of and/or showed reckless disregard for failing to pay Gould overtime for the hours she worked in excess of 40 hours in a week.

38. Upon information and belief, Defendants knew of and/or showed reckless disregard for whether their failure to pay Gould overtime for these hours violated FLSA and New York State Labor Law.

### FIRST CLAIM AGAINST ALL DEFENDANTS

(Unlawful Interception and Disclosure of Wire, Oral or Electronic Communications - ECPA)

39. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 38 as set forth above.

40. As a result of Defendants' conduct as described above, Defendants intentionally intercepted, disclosed and/or used wire, oral and/or electronic communications and the contents thereof.

41. Defendants, by the above actions, have violated Plaintiffs' rights under 18 U.S.C. § 2511.

42. No previous application has been made for the relief requested herein.

### SECOND CLAIM AGAINST ALL DEFENDANTS

(Unlawful Access to Stored Electronic Communications – SCA)

30120-1

43. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 42 as set forth above.

44. As a result of Defendants' conduct as described above, Defendants knowingly and intentionally accessed without authorization a facility through which an electronic communication service is provided and/or intentionally exceeded an authorization to access a facility thereby obtaining, altering, and/or preventing authorized access to wire or electronic communication while it is in electronic storage;

45. Defendants' conduct as described above was willful and intentional;

46. Defendants, by the above actions, have violated Plaintiffs' rights under 18 U.S.C. § 2701;

47. No previous application has been made for the relief requested herein.

### THIRD CLAIM AGAINST ALL DEFENDANTS

(Unauthorized Use of a Computer – New York Penal Law § 156.05)

48. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 46 as set forth above.

49. As a result of Defendants' conduct as described above, Defendants knowingly used, caused to be used, and/or accessed a computer, computer service, and/or computer network without authorization;

50. Defendants, by the above actions, have violated Plaintiffs' rights in violation of New York Penal Law § 156.05;

51. No previous application has been made for the relief requested herein.

### FOURTH CLAIM AGAINST ALL DEFENDANTS

(Computer Trespass – New York Penal Law § 156.10)

30120-1

52. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 51 as set forth above.

53. As a result of Defendants' conduct as described above, Defendants knowingly used, caused to be used, and/or accessed a computer, computer service, and/or computer network without authorization thereby knowingly gaining access to computer material;

54. Defendants, by the above actions, have violated Plaintiffs' rights in violation of New York Penal Law § 156.10;

55. No previous application has been made for the relief requested herein.

### FIFTH CLAIM ON BEHALF OF GOULD AGAINST FANTASY INTERACTIVE, DAVID MARTIN AND CAMILLA MARTIN

(Failure to Pay Overtime – FLSA)

56. Plaintiff Gould repeats and realleges the allegations contained in paragraphs 1 through 55 as set forth above.

57. Defendants failed to pay Gould the statutorily required overtime rate of time and one half for certain hours worked in excess of forty hours in a week.

58. Defendants, by the above acts, have violated 29 U.S.C. § 207.

59. Upon information and belief, said violations are willful within the meaning of 29 U.S.C. § 255(a).

60. No previous application has been made for the relief requested herein.

### SIXTH CLAIM ON BEHALF OF GOULD AGAINST FANTASY INTERACTIVE, DAVID MARTIN AND CAMILLA MARTIN

(Failure to Pay Overtime – New York State Labor Law)

61. Plaintiff Gould repeats and realleges the allegations contained in paragraphs 1 through 60 as set forth above.

30120-1

62. Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR § 142-2.2.

63. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 663.

64. No previous application has been made for the relief requested herein.

### SEVENTH CLAIM ON BEHALF OF GOULD AGAINST FANTASY INTERACTIVE

(Breach of Contract – New York)

65. Plaintiff Gould repeats and realleges the allegations contained in paragraphs 1 through 64 as set forth above.

66. As a result of Fantasy Interactive's conduct as described above, Fantasy Interactive violated the terms of the Employment Agreement it had with Gould by failing to provide two (2) weeks written notice of termination and by failing to compensate Gould for the two week period that was to follow the written notice of termination.

67. Fantasy Interactive, by the above actions, has breached the Employment Agreement it held with Gould.

68. No previous application has been made for the relief requested herein.

### EIGHTH CLAIM ON BEHALF OF GOULD AGAINST ALL DEFENDANTS

(Interception, Access, and Disclosure of Wire, Oral or Electronic Communication – Hawaii Revised Statute § 803-42)

69. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 68 as set forth above.

70. As a result of Defendants conduct as described above, Defendants knowingly and intentionally intercepted wire, oral or electronic communications and/or intentionally accessed without authority a facility through which an electronic communication service is provided;

10

30120-1

71. Defendants, by the above actions, have violated Plaintiffs' rights under HI Rev. Stat. § 803-42;

72. No previous application has been made for the relief requested here.

### NINTH CLAIM ON BEHALF OF GOULD AGAINST ALL DEFENDANTS

(Invasion of Privacy – Hawaii)

73. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 72 as set forth above.

74. As a result of Defendants' conduct as described above, Defendants unreasonably intruded upon the solitude and seclusion of Gould's private affairs and/or concern to such an extent which would be highly offensive to a reasonable person;

75. Defendants, by the above actions, have invaded Gould's privacy in violation of Hawaii law;

76. No previous application has been made for the relief requested herein.

### JURY DEMAND

77. Plaintiffs hereby demand, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment awarding the following relief:

a. declaring that the acts and practices complained of herein are in violation of the ECPA, the SCA, the FLSA and New York and Hawaii statutory and common law;

b. declaring that the acts and practices complained of herein are willful and intentional violations within the meaning of 18 U.S.C. § 2707;

30120-1

  c.  declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255;

  d.  enjoining and permanently restraining the violations alleged herein;

  e.  awarding relief pursuant to 18 U.S.C. § 2520, including, but not limited to:

    i. the greater of the actual damages for, *inter alia*, lost wages and benefits resulting from Defendants' unlawful termination of Plaintiffs, or, statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000;

    ii. punitive damages;

    iii. reasonable attorneys' fees and other litigation costs reasonably incurred;

  f.  awarding relief pursuant to 18 U.S.C. § 2707, including, but not limited to:

    i. actual damages for, *inter alia*, lost wages and benefits resulting from Defendants' unlawful termination of Plaintiffs;

    ii. punitive damages as a result of Defendants' willful and intentional violations;

    iii. costs and reasonable attorneys' fees;

  g.  awarding Plaintiffs damages as a result of Defendants' unauthorized use of a computer in violation of New York law;

  h.  awarding Plaintiffs damages as a result of Defendants' computer trespass in violation of New York law;

  i.  directing Defendants to make Plaintiff Gould whole for all unpaid overtime wages as a result of Defendants' violations of the FLSA and the NYSLL;

  j.  directing Defendants to pay Plaintiff Gould an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 663;

30120-1

k.  awarding Plaintiff Gould damages as a result of Defendants' breach of contract;

l.  awarding Plaintiff Gould damages as a result of Defendants' invasion of Gould's privacy;

m.  awarding Plaintiff Gould civil damages as authorized under HI Rev. Stat. § 803-48 as a result of Defendants' violation of HI Rev. Stat. § 803-42, including, but not limited to:

  i.  the greater of the actual damages for, *inter alia*, lost wages and benefits resulting from Defendants' unlawful termination of Gould, or, statutory damages of the greater of $100 a day for each day of violation or $10,000;

  ii.  punitive damages;

  iii.  reasonable attorneys' fees and other litigation costs as reasonably incurred;

n.  To the extent not otherwise specified, directing Defendants to pay Plaintiffs actual, statutory and punitive damages as well as reasonably attorneys' fees and costs;

o.  granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
      May 25, 2011

                                  Respectfully submitted,
                                  CARY KANE LLP
                                  Attorneys for Plaintiffs

                                  By: /s/ Joshua S.C. Parkhurst
                                  Joshua S.C. Parkhurst
                                  1350 Broadway, Suite 1400
                                  New York, NY  10018
                                  (212) 868-6300

30120-1